UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

```
SARAH TAYLOR,                      :
                                   :
          Plaintiff,               :
                                   :   Case No. 2:09-cv-297
     v.                            :
                                   :
THE STRATTON CORPORATION           :
d/b/a, STRATTON MOUNTAIN           :
RESORT, and INTRAWEST, ULC,        :
                                   :
          Defendants.              :
```

**Memorandum & Order:**
**Plaintiff's Motion for a New Trial**

Plaintiff Sarah Taylor filed a Motion for New Trial on February 8, 2012.  ECF No. 109.  Taylor's jury trial, conducted January 9-13, 2012, concerned her diversity action for damages stemming from injuries she suffered while skiing at Stratton Mountain Resort.  The jury returned a verdict finding her negligence was greater than that of Defendant Stratton Corporation, barring recovery under Vermont's comparative negligence statute, Vt. Stat. Ann. tit. 12, § 1036.[1]  See Special Verdict Form, ECF No. 97.  Arguing the weight of the evidence adduced at trial did not support the jury's determination, Taylor requests the Court set aside that verdict and hold a

---

[1]   Plaintiff consolidated her claim against Intrawest, ULC with her claim against Stratton Corporation, requiring the jury only to render a verdict as to Stratton Corporation's negligence.  See Minute Entry for Proceedings, Jan. 13, 2012, ECF No. 96.

1

full, new trial pursuant to Federal Rule of Civil Procedure 59(a)(1)(A). Alternatively, she asks the Court to vacate the verdict, find that Defendant's negligence was greater than hers in causing her injuries, and then hold a new trial limited to the issue of damages. For the reasons stated below, the Court **denies** Plaintiff's Motion for New Trial.

Rule 59(a)(1)(A) broadly allows the Court to grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." An *Erie* question with an unclear answer is posed by the standard of review of Rule 59(a) motions for new trials in diversity cases. *Mono v. Peter Pan Bus Lines, Inc.*, 13 F. Supp. 2d 471, 475 n.2 (S.D.N.Y. 1998).[2] On Rule 59(a) motions, Vermont state courts are limited

---

[2] On the one hand, the general rule is that federal law should govern. *Correia v. Fitzgerald*, 354 F.3d 47, 54 (1st Cir. 2003) ("We consistently have looked to federal law for the standard for deciding new trial motions in diversity cases."); 11 Charles A. Wright, Arthur R. Miller, Mary K. Kane & Richard L. Marcus, *Federal Practice & Procedure* § 2802 (2d ed.) (noting also that "it seems beyond belief that parties would resort to forum shopping in order to have a more favorable rule on granting new trials."); *see also Gasperini v. Ctr. for the Humanities, Inc.*, 518 U.S. 415, 428 n.7 (1996) (affirming the general principle that on point Federal Rules of Civil Procedure govern, regardless of state law, if in accord with the Rules Enabling Act and Constitution). On the other hand, in *Gasperini*, the Supreme Court directed lower courts to rely on New York's standard for granting a new trial due to excessive damages awards, as the state law approach differed from federal law and contained a substantive as well as a procedural command. 518 U.S. at 426, 430-31. The Court has relied on the Vermont standard, in conjunction with the federal rule, in at least one case similar to the present one. *See Stephens v. Bromley*

to viewing the evidence "in the light most favorable to the jury's verdict" and may overturn the verdict only if it is "unsupported by the evidence." *Shaw v. Barnes*, 693 A.2d 710, 711 (Vt. 1997).  Meanwhile, courts applying the federal standard have the broader power to re-weigh the evidence and may overturn verdicts that are supported by substantial evidence. *Manley v. Ambase Corp.*, 337 F.3d 237, 244-45 (2d Cir. 2003).  Even under the federal standard, however, the Court must find the jury verdict was either "'seriously erroneous'" or a "'miscarriage of justice,' i.e., it must view the jury's verdict as 'against the weight of the evidence.'" *Id.* at 245 (quoting *Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 133 (2d Cir. 1988)) (internal quotations omitted).  As applied to the present case, the choice of law makes no functional difference.  The Court would find a new trial unwarranted under either the Vermont or the federal standard, making an *Erie* debate academic.  *See Mono*, 13 F. Supp. 2d at 475 n.2.

    Plaintiff provides several reasons why the Court should grant a new trial.  Her first contention is that the evidence did not support the jury's conclusion that Defendant was less negligent than she.  On its review of the facts, the Court concludes the jury acted reasonably in finding Stratton

---

*Mountain Ski Resort, Inc.*, No. 1:07-cv-232, 2009 WL 2524751, at *3 (D. Vt. Aug. 18, 2009).

negligent in regard to the condition of the trail and the adequacy of its warning to skiers.  The jury also had reason to find Plaintiff negligent by skiing to the right of the bamboo pole.  Photos extensively analyzed by witnesses and counsel depicted much less room for a skier to maneuver between the pole and the brush at the right edge of the trail than on the open trail to the left of the pole.  The jury reasonably could have credited evidence introduced that Taylor skied off the groomed portion of the trail in going to the right.  More generally, the jury had to resolve conflicting evidence regarding Plaintiff's speed and the location of an unfilled portion of a waterbar that cut across the trail.  It was entitled to weigh that evidence and resolve it in favor of Plaintiff's negligence.

Plaintiff contends that while the jury could have found her somewhat negligent, it should not have found her more negligent than Defendant.  She suggests, as an alternative to a new trial on fault, that the Court enter a finding that she was 25 percent negligent and then move to a trial on damages alone.  The Court sees no reason to intrude in this case on the prerogative of the jury in apportioning fault.  The jury's 51-49 percent division of negligence, according Plaintiff slightly more blame, adequately reflects the fact that the parties' cases each had significant gaps and together presented close questions of comparative negligence.

Nor does the Court agree with Plaintiff that the jury was inadequately instructed on how to apportion relative fault.  In a draft charge, the Court used its standard instruction that in the case the jury finds both parties negligent it should assign each a percentage of the total fault.  During the charge conference, Plaintiff asked the Court to add further clarification on the effect of Vermont's comparative negligence law.  The additional language Plaintiff suggested, and the Court adopted, explained that if the jury found that Plaintiff was more than 50 percent negligent "then Plaintiff cannot recover anything," but that if it found Plaintiff's negligence was 50 percent or less, "Plaintiff is entitled to recover from Defendant."  Jury Charge 14, ECF No. 103.  The wording was taken from the charge in a previous ski injury case.  Charge to the Jury at 24, *Salvatore v. Mount Mansfield Co.*, No. 1:96-cv-47 (D. Vt. Dec. 4 1997).  Plaintiff did not propose any other changes to the instruction, and did not object to the formulation in the final jury charge.  As it stands, the Court finds the guidance given to the jury sufficient.

Plaintiff further objects to the conduct of voir dire.  At voir dire, the Court denied Plaintiff's request to exclude some panel members who indicated that they may tend to favor the position of a defendant in a ski injury case, and it sees no reason to reverse that decision.  Each juror selected indicated

that he or she could render a fair and impartial verdict. Moreover, the offending statements were made in response to Plaintiff's counsel's unusual approach to voir dire questioning. Plaintiff's counsel made factual representations that tended to diminish Plaintiff's case in relation to Defendant's. Plaintiff's counsel then asked the panel members whether, under those hypothetical facts, they would tend to find liability on the part of the Defendant.  Unsurprisingly, a number answered that they probably would not, while several others answered that they required further information before making a decision. Plaintiff cites no authority for her position that such responses require vacating the verdict, and the Court sees no reason to doubt the jurors' express assurances under oath to evaluate the actual evidence in the case fairly and impartially.

   Next Plaintiff contends the Court erred in denying her motion for unlimited time, or at least one hour, to question the venire panel.  *See* Pl.'s Mot. for Extended Att'y Voir Dire, ECF No. 65.  The standard practice in this jurisdiction is for the Court to conduct voir dire and then permit each side ten minutes to ask questions.  In response to Plaintiff's motion, the Court expanded the attorneys' time for questioning to thirty minutes. Plaintiff cites no authority suggesting that the thirty minute time limit affected her ability to select a fair and impartial jury.

Finally, Plaintiff renews her objections to certain evidentiary rulings made by the Court prior to and during trial. Plaintiff objects to three decisions in particular: admission of a sample Stratton Mountain Resort lift ticket, admission of impeachment evidence of Plaintiff's expert witness Stanley Gale, and exclusion of certain impeachment evidence concerning Defendant's expert witness Mark Petrozzi.

First, Plaintiff objects to the admission into evidence of warning language printed on the back of a 2011-12 Stratton lift ticket.  To the extent Plaintiff now argues the ticket was not relevant to the question of negligence, the Court disagrees. The warning language, which Defendant stated was the same as in 2009, was relevant for the purpose of showing the precautions Defendant took to alert skiers, like Plaintiff, to the hazards of skiing and the need to ski carefully.

Plaintiff contends that the ticket nonetheless contained a statement of skiers' assumption of risk that diverged from the standard under Vermont law. *See Dalury v. S-K-I, Ltd.*, 670 A.2d 795, 799 (Vt. 1995) (holding unenforceable similar warning language contained in a release from liability signed by the plaintiff skier prior to his accident); *Umali v. Mount Snow Ltd.*, 247 F. Supp. 2d 567, 575 (D. Vt. 2003) (applying *Dalury* to reach same result concerning a release signed before a mountain bike race).  But Defendant never suggested the ticket was a

release enforceable against Plaintiff.  Nor does Plaintiff object to the instruction provided to the jury on the Vermont standard for assumption of risk in sports injury cases.  *See* Jury Charge 7-9.  Indeed, the jury found in her favor on the question.  Special Verdict Form 1.  Thus, it is unclear what, if any, unfair prejudice Plaintiff suffered from the ticket's admission.

Plaintiff also raises the Court's admission of documentary evidence for the purpose of impeaching her expert, Stanley Gale.  The evidence consisted of Gale's retainer agreement and an apology letter he wrote to Loveland ski area when, as a ski patroller, he violated its out-of-bounds policy.  Plaintiff contends these documents were hearsay and prejudicial.  However, neither document was admitted as case-in-chief evidence to prove the truth of the matter asserted.  Defendant used them to undermine Gale's credibility on cross examination, and the Court ordered that Gale's retainer agreement not be provided to the jury.  *See* Defs.' Ex. List 3, ECF No. 100.

Plaintiff, lastly, renews her objection to the Court's limit on evidence to impeach Defendant's expert, Mark Petrozzi, for his ties to the ski insurance industry.  *See* Order: Pl.'s Mot. in Limine to Permit Evidence of Liability Insurance 2, ECF No. 92.  Since Petrozzi was not working for an insurance company in this case, such evidence would have had little value in

8

demonstrating bias while being highly prejudicial to the Defendant and misleading to the jury.  The Court permitted extensive cross examination concerning Petrozzi's history of work for Defendant and for the ski industry, including "in the area of risk management," excluding only the mention of his work with "insurance" companies.  Order 2.  Plaintiff thus had full opportunity to impeach this witness by showing his bias in favor of Defendant.  In addition, the Court admitted Petrozzi's unredacted CV, along with Gale's, allowing the jury to evaluate both experts' relevant body of experience in context.  It is unclear to the Court how it could have gone further without inviting irrelevant and prejudicial speculation by the jury as to Defendant's insurance coverage.

In light of the foregoing, the Court denies Plaintiff's Motion for New Trial.


Dated at Burlington, in the District of Vermont, this 19th day of March, 2012.

/s/William K. Sessions III
William K. Sessions III
U.S. District Court Judge